**Brenda L. MARSH, Plaintiff,**

v.

**COUNTY OF SAN DIEGO, and Jay S. Coulter, Defendants.**

**Case No. 07CV1923 JLS (AJB).**

United States District Court,
S.D. California.

Feb. 11, 2011.

Donnie R. Cox, Law Offices of Donnie R. Cox, Oceanside, CA, Paul W. Leehey,

Law Office of Paul W. Leehey, Fallbrook, CA, Dennis B. Atchley, Law Offices of Donnie R. Cox, Oceanside, CA, for Plaintiff.

Deborah Anne McCarthy, County of San Diego Office of County Counsel, San Diego, CA, for Defendants.

**ORDER: 1) GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND 2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN THE ENTIRETY**

JANIS L. SAMMARTINO, District Judge.

Presently before the Court is Plaintiff Brenda L. Marsh's motion for summary judgment (Doc. No. 39 (Plaintiff's MSJ)) and Defendants Jay S. Coulter and County of San Diego's motion for summary judgment. (Doc. No. 41 (Defendants' MSJ).) Also before the Court are the associated oppositions and replies. After consideration, the Court **GRANTS** Defendants' motion for summary judgment on the 42 U.S.C. § 1983, *Monell,* and California Civil Code § 52.1 claims. And having dismissed those claims, this Court **DECLINES** supplemental jurisdiction over the remaining state claims and **DISMISSES** them **WITHOUT PREJUDICE.** Plaintiff's motion for summary judgment is **DISMISSED IN ITS ENTIRETY.**

For nearly three decades, the San Diego community has witnessed the legal drama surrounding the Marsh family. In 1983, two-year-old Phillip Buell died while in the care of Kenneth M. Marsh. The state prosecuted Mr. Marsh for Phillip's death and obtained a second-degree murder conviction. The conviction was affirmed on appeal. Mr. Marsh went to prison. Many years passed.

In 2003, Mr. Marsh filed his second petition for a writ of habeas corpus. The San Diego County Superior Court granted the petition at the request of the San Diego District Attorney, whose recently consulted expert could not conclude beyond a reasonable doubt that Phillip was a victim of child abuse. The Superior Court set aside Mr. Marsh's conviction, and he was released. By then, he had spent nearly twenty-one years in prison.

Not long after his release, Mr. Marsh filed a federal action against the County of San Diego and the medical personnel involved in Phillip's autopsy. From that case comes the factual basis for this action.

As part of Mr. Marsh's case, his attorneys deposed Jay S. Coulter, the San Diego Deputy District Attorney who tried Mr. Marsh's criminal prosecution. Coulter testified that, during his tenure as Deputy District Attorney, he photocopied sixteen autopsy photos taken of Phillip's corpse. Coulter further testified that, in February 2006—after his retirement from the District Attorney's Office—he had disseminated at least one such photo to a newspaper and television station.

Based on this testimony, Brenda L. Marsh–Mr. Marsh's wife and Phillip's mother-filed the present action. After three years of litigation and two rounds of Rule 12 motions, five causes of action remain:

(1) A 42 U.S.C. § 1983 claim against Coulter for conduct occurring while Coulter was employed by the County as deputy district attorney.

(2) A *Monell* claim against the County of San Diego for conduct occurring while Coulter was employed by the County as deputy district attorney.

(3) An intentional infliction of emotional distress claim against Coulter and the County.

(4) A negligent infliction of emotional distress claim against Coulter and the County.

(5) Claims for violating California Civil Code §§ 43 and 52.1 against Coulter and the County.

The parties cross motion for summary judgment on every claim. After consideration, the Court grants summary judgment in favor of Defendants on the § 1983, *Monell*, and California Civil Code § 52.1 claims. With those claims dismissed, the Court declines supplemental jurisdiction over the remaining state law claims. They are dismissed without prejudice.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 permits a court to grant summary judgment where the moving party demonstrates (1) the absence of a genuine issue of material fact and (2) entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Material," for purposes of Rule 56, means that the fact, under governing substantive law, could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Freeman v. Arpaio,* 125 F.3d 732, 735 (9th Cir.1997). For a dispute to be "genuine," a reasonable jury must be able to return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

The initial burden of establishing the absence of a genuine issue of material fact falls on the moving party. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The movant can carry his burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party "failed to make a sufficient showing on an essential element of her case with respect to which she has the burden

of proof." *Id.* at 322–23, 106 S.Ct. 2548. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987).

Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. The non-moving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. When ruling on a sum-mary judgment motion, the court must view all inferences drawn from the under-lying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### ANALYSIS

The dueling motions for summary judg-ment aim to resolve every cause of action. But the Court discusses only three causes of action here: the § 1983 claim against Coulter, the County's *Monell* liability, and violation of California Civil Code § 52.1. The Court finds that Defendants are enti-tled to summary judgment on each of those claims. And having resolved the federal causes of action, the Court declines to exercise supplemental jurisdiction over the remaining state claims and will not discuss them as a result.

### 1. Sixteen Autopsy Photos

Before getting to the main analysis, the Court resolves a small point of contention. Perhaps due to miscommunication, the parties dispute which autopsy photos are at issue in this case. Plaintiff's first amended complaint alleges unauthorized copying of sixteen autopsy photos. (Doc.

No. 21(FAC) ¶ 10.) But Defendants' mo-tion for summary judgment focuses on just one. (*See* Defendants' MSJ at 5–9.) Do-ing so drew Plaintiff's ire. (*See* Doc. No. 45 at 4–7.) Ultimately, however, this is a non-issue. Defendants state that their motion for summary judgment applies to all sixteen photos. (Doc. No. 47 at 4.) The Court agrees. The parties' motions for summary judgment and the Court's Order on the matter concern all sixteen photos.

### 2. 42 U.S.C. § 1983 Claim Against Coul-ter

Plaintiff's § 1983 claim is the core of her complaint and the basis for federal juris-diction. Its fate affects not only Coulter, but also the *Monell* claim against the County.

Before embarking on the analysis, it is important to clarify which of Coulter's ac-tions are at issue in this claim. Pursuant to the Court's May 6, 2009 Order, Plain-tiff's § 1983 cause of action exists to the extent it is "based on Coulter's liability for copying of the photos during his employ-ment as a Deputy District Attorney." (Doc. No. 26 at 4.) Not at issue are allega-tions of reproducing the photos for dissem-ination, or the dissemination itself. (*Id.*)

### A. Legal Standard

42 U.S.C. § 1983 provides a cause of action against any person who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution and laws of the United States. Section 1983 is not a source of substantive rights but merely a method for vindicating federal rights established else-where. *Graham v. Connor,* 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). To succeed on a § 1983 claim, a plaintiff must show "(1) that a right se-cured by the Constitution or the laws of the United States was violated, and (2)

that the alleged violation was committed by a person acting under color of State law." *Long v. Cnty. of L.A.,* 442 F.3d 1178, 1185 (9th Cir.2006).

## B. Discussion

There are two necessary prongs for § 1983 liability: (1) the violation of a right protected by the Constitution or the laws of the United States (2) committed by a person acting under color of state law. *Long,* 442 F.3d at 1185. Coulter conceded that he was acting under the color of state law while employed as a prosecutor. (Doc. 6 at 6; Doc. 20 at 8.) Still at issue, however, is whether copying autopsy photos constitutes a violation of a right protected by the Constitution or the laws of the United States.

Plaintiff argues two ways that Coulter's photocopying violated a right protected by the Constitution or United States law. First, Plaintiff argues that reproduction of autopsy photos directly violates a right protected by the Constitution or the laws of the United States. Alternatively, Plaintiff argues that California Code of Civil Procedure § 129 creates a right protected by the Fourteenth Amendment Due Process Clause. The Court considers each path in turn.

The first path—that reproduction of autopsy photos directly violates a right protected by the Constitution or laws of the United States—is not fruitful. The Court discusses the violation of a constitutional right first.

Plaintiff argues that Coulter's copying violated Plaintiff's constitutional right to privacy. (FAC ¶ 18; Plaintiff's MSJ at 3, 6; Doc. No. 45 at 6, 9, 12.) The Supreme Court has held that the right to privacy is implicitly guaranteed by the Constitution as part of the Due Process Clause of the Fourteenth Amendment, *see Carey v. Population Services International,* 431 U.S. 678, 684, 97 S.Ct. 2010, 52 L.Ed.2d 675 (1977), or as one of the "penumbral" rights formed by the Bill of Rights, *Griswold v. Connecticut,* 381 U.S. 479, 484–85, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). The right is limited, however. It protects "a person's most basic decisions about family and parenthood ... as well as bodily integrity." *California v. F.C.C.,* 75 F.3d 1350, 1361 (9th Cir.1996) (citing *Planned Parenthood v. Casey,* 505 U.S. 833, 849, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992)). And to the extent the right exists, it has been held to encompass and protect "the personal intimacies of the home, the family, marriage, motherhood, procreation, and child rearing." *Paris Adult Theatre I v. Slaton,* 413 U.S. 49, 65–66, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973) (citing a panoply of cases). *See also California v. F.C.C.,* 75 F.3d at 1361, n. 12.

■ Given the case law, the Court finds that copying the autopsy photos did not violate Plaintiff's constitutional right to privacy. That right does not encompass a relative's interest in a decedent's autopsy photos. As crass as it may seem, Plaintiff's interest in the autopsy photos does not fall within the class of most basic decisions about family, parenthood, or bodily integrity. Plaintiff's argument that Coulter's reproduction of the photos directly violated a constitutional right fails as a matter of law.

Alternatively, Plaintiff argues that the copying violated a right protected by United States law. Plaintiff asserts that the Freedom of Information Act, 5 U.S.C. § 552(b), codifies a statutory right to privacy in "the body and death images of the deceased." (Doc. 45 at 12–13.) And on some level, the Supreme Court has stated this much. *Nat'l Archives and Records Admin. v. Favish,* 541 U.S. 157, 170–71, 124 S.Ct. 1570, 158 L.Ed.2d 319 (2004).

■ The basic purpose of the Freedom of Information Act is "to open agency ac-

tion to the light of public scrutiny." *Dep't of Air Force v. Rose*, 425 U.S. 352, 372, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976). Each agency is charged with making its records available to the public. Balanced against this freedom of information are several exceptions preventing the release of certain information. One exception prevents the release of information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Another protects items "specifically exempted from disclosure by statute." § 552(b)(3). And another protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." § 552(b)(6). These exceptions form the basis of Plaintiff's privacy-interest argument.

But any privacy interest formed out of the FOIA exceptions is formed in the FOIA context. And to determine whether the stated privacy interest applies for § 1983 purposes, a relevant inquiry is whether the statutory "provision in question was intended to benefit the putative plaintiff." *Golden State Transit Corp. v. City of L.A.*, 493 U.S. 103, 106, 110 S.Ct. 444, 107 L.Ed.2d 420 (1989) (internal formatting omitted).

With this in mind, this Court finds it inappropriate to extend a privacy interest found in the FOIA context into the present circumstances. It is not apparent that FOIA exceptions, preventing agencies from releasing certain categories of information, were meant to apply to Plaintiff and the autopsy photos. Coulter's photocopying is not comparable to a FOIA request. And as a state employee, Coulter is not even under FOIA's purview. Consequently, Plaintiff cannot establish a violation of a right protected by the laws of the United States through FOIA.

At this juncture, Plaintiff cannot satisfy the remaining § 1983 prong on the grounds that reproducing autopsy photos directly violates a right protected by the Constitution or laws of the United States. The Court now considers the alternative path to establishing the remaining § 1983 prong.

Plaintiff argues that California Code of Civil Procedure (CCP) § 129 creates a liberty interest protected by the Due Process Clause. (FAC ¶ 15; Plaintiff's MSJ at 6, 9; Doc. No. 45 at 15.) And assuming Coulter violated § 129, Plaintiff contends Coulter also ran afoul of the Constitution in a manner satisfying the remaining § 1983 prong.

Section 129 creates a process for reproducing images made of a deceased person. The Court provides an abbreviated discussion of the statute here. As a starting point, § 129 prevents the reproduction of any photographs or video recordings "of the body, or any portion of the body, of a deceased person." Cal.Civ.Proc.Code § 129. There are several exceptions, however. For instance, an image can be reproduced "for use in a criminal action ... that relates to the death of that person." *Id.* It can also be reproduced after a request to a state court has been granted. *Id.*

The parties assume that § 129 creates a liberty interest protected by the Due Process Clause. They focus their energy discussing whether § 129 applies to the photos Coulter copied. Defendants hope to establish that § 129 does not apply to the sixteen photos. By doing so, copying the photos could not violate § 129 and would not amount to a constitutional violation. Plaintiff argues the opposite. Upon entering the fray, however, the Court finds it necessary to challenge the assumption that § 129 creates a liberty interest protected by the Due Process Clause.

"State law may bear upon a claim under the Due Process Clause when the property

interests protected by the Fourteenth Amendment are created by state law." *Davis v. Scherer,* 468 U.S. 183, 193, n. 11, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). But this doctrine "was recently limited ... to a certain core of prisoners' rights." *Campbell v. Burt,* 141 F.3d 927, 930–31 (9th Cir.1998) (citing *Sandin v. Conner,* 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). And that limitation forecloses the use of § 129 as grounds for a due process claim. This case, § 129, and the photos at issue are not related to prisoners' rights.

■ To the extent the doctrine extends beyond prisoners' rights and captures the situation at hand, the Court nonetheless finds that § 129 does not create a right protected by the Due Process Clause. "To create a right protected by the Due Process clause, the state law must provide more than merely procedure; it must protect some substantive end." *Bonin v. Calderon,* 59 F.3d 815, 842 (9th Cir.1995). Section 129 does not protect a substantive end; at most it provides a procedure. Indeed, § 129 fails to mention, explicitly or implicitly, whom it is intended to benefit. And in doing so, the Court finds that the statute does not create or protect a substantive end that Plaintiff can assert. Violating the statute cannot, therefore, form the basis for a § 1983 violation.

Section 129 does not create a right protected by the Due Process Clause. Thus, even assuming § 129 applies to the autopsy photos, and even assuming Coulter violated § 129, such a violation could not establish the remaining prong of the § 1983 claim.

Both paths to establishing a violation of a right protected by the Constitution or federal law are blocked. Plaintiff is unable to establish the last prong necessary for § 1983 liability; Coulter's actions do not violate a right protected by the Constitution or the laws of the United States. As a result, Defendant is entitled to summary judgment on Plaintiff's 42 U.S.C. § 1983 claim.

### C. Conclusion

Plaintiff asserts a 42 U.S.C. § 1983 cause of action against Coulter for his copying of autopsy photos while employed as a Deputy District Attorney. The claim fails because Plaintiff cannot establish that Coulter's actions amounted to a violation of a right protected by the Constitution or the laws of the United States. First, photocopying autopsy photographs does not violate the constitutional right to privacy. Second, the Freedom of Information Act does not create a right to privacy relevant to this situation. And finally, California Code of Civil Procedure § 129 does not create an interest protected by the Due Process Clause of the Fourteenth Amendment. Summary judgment in favor of Defendants is appropriate on Plaintiff's § 1983 claim.

### 3. *Monell Claim Against the County of San Diego*

Plaintiff's *Monell* claim is a § 1983 claim against the County of San Diego. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). And a necessary component of a § 1983 claim is a violation of a right protected by the Constitution or the laws of the United States. *Long,* 442 F.3d at 1185. Unfortunately, Plaintiff's claim against the County is also predicated on Coulter's copying of the autopsy photos. (Doc. No. 26 at 4.) And as discussed above, these acts cannot establish a § 1983 claim. Thus, even assuming all the allegations were true, Plaintiff's *Monell* claim fails. Summary judgment on this claim is appropriate in favor of Defendants.

### 4. California Civil Code 52.1

Plaintiff also asserts claims for violations of California Civil Code §§ 43 and 52.1. The Court discusses the § 52.1 claim only.

Civil Code § 52.1 provides an individual whose exercise or enjoyment of state or federal rights have been interfered with, or attempted to be interfered with, with a private cause of action. Cal. Civ.Code § 52.1. To make a claim, Plaintiff must establish an attempted or completed act of interference, accompanied by threats, intimidation, or coercion. *City and Cnty. of S.F. v. Ballard,* 136 Cal.App.4th 381, 408, 39 Cal.Rptr.3d 1 (Cal.Ct.App.2006). *See also* Cal. Civ.Code 52.1(a).

 Plaintiff bears the burden of establishing this cause of action. And here, Plaintiff has failed to do so. There is no evidence of acts perpetrated by Coulter that could be construed as threats, violence, or intimidation. Even assuming Coulter attempted or completed an act of interference, the lack of threats, violence, or intimidation is fatal to Plaintiff's claim. Summary judgment on this claim is appropriate in Defendants' favor.

### 5. Conclusion

Both parties moved for summary judgment on all causes of action. But the Court found it suitable to consider only three: the § 1983 claim, the *Monell* claim, and the California Civil Code § 52.1 claim. Plaintiff failed to establish a legal basis for the argument that copying autopsy photographs violated a right protected by the Constitution or the laws of the United States. Thus, Plaintiff failed to make out a necessary element of her § 1983 claim against Coulter and the County of San Diego. Moreover, California Civil Code § 52.1 requires Plaintiff to show the presence of threats, intimidation, or coercion. Plaintiff failed to do so. The Court grants summary judgment in favor of Defendants on all three claims.

### CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment in the entirety. Summary judgment on the § 1983 claim, the *Monell* claim, and the California Civil Code § 52.1 claim is **GRANTED** in favor of Defendants. Having resolved the federal causes of action, the Court **DECLINES** supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's intentional infliction of emotional distress, negligent infliction of emotional distress, and California Civil Code § 43 claims are **DISMISSED WITHOUT PREJUDICE.**

Moreover, Plaintiff's request for judicial notice (Doc. Nos. 45–5, 46–5) and supplemental objections and motion to strike (Doc. Nos. 45–3, 46–3) are unnecessary to the disposition of these matters. The Court **DISMISSES** both **AS MOOT.**

This order concludes the litigation in this matter, the Clerk **SHALL** close the file.

**IT IS SO ORDERED.**